# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1940 | **DATE** | 11/19/2002 |
| **CASE TITLE** | METROPOLITAN LIFE INSURANCE COMPANY vs. ROBERT J. PRZYBILL, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion And Order. Paragraphs 1, 7, 8, 9, 10, 16, and 25 are stricken in their entirety; and paragraphs 3, 11, 13, and 15 are stricken in pertinent part. Defendant, Sally Przybil, is given leave to file an amended answer that fully complies with Rule 8 of the Federal Rules of Civil Procedure on or before December 16, 2002. A telephone status hearing is set for January 9, 2003 at 10:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 21 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | /2 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | 02 NOV 20 PM 12:00 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

METROPOLITAN LIFE INSURANCE COMPANY,

    Plaintiff,

v.

ROBERT J. PRZYBIL and SALLY PRZYBIL,

    Defendants.

Case No. 02 C 1940

Hon. John W. Darrah

## MEMORANDUM OPINION AND ORDER

This matters comes before the Court on Plaintiff's, Metropolitan Life Insurance Company's ("MetLife"), motion to strike portions of Defendant's, Sally Przybil's, answer to MetLife's complaint. For the reasons that follow, MetLife's Motion to Strike is granted.

## BACKGROUND

James Przybil ("the Insured") was the insured of a Federal Employer's Group Life Insurance Policy ("the FEGLI Policy") pursuant to the Federal Employer's Group Life Insurance Act, 5 U.S.C. §§ 8701-8716 and 5 C.F.R. Part 870. In 1980, the Insured designated his brother, Robert Przybil ("Robert"), as the beneficiary of the FEGLI Policy. On or about April 30, 1989, the Insured married Sally Przybil ("Sally"). On April 29, 1993, the Insured completed a Life Insurance Election form concerning his coverage under the FEGLI Policy, but he did not submit any beneficiary designation form subsequent to the 1980 designation.

On June 10, 1998, the Insured died. Robert submitted a claim for the Insured's FEGLI proceeds by a letter dated June 29, 1998, pursuant to the 1980 beneficiary designation. In August

-1-

1998, Sally submitted a claim for the FEGLI proceeds pursuant to the 1993 Life Insurance Election form. On March 15, 2002, MetLife filed a complaint for a declaratory judgment against Robert and Sally, seeking a declaration that Robert is entitled to the FEGLI proceeds, that Sally has no right to the FEGLI proceeds, and that it is required to pay the FEGLI proceeds to Robert as the designated beneficiary.

Sally, who is *pro se*, filed an answer to Metlife's complaint in which she admits, denies or "disputes" certain allegations in the complaint. MetLife then filed a Motion to Strike the portions of the answer that "dispute" the allegations in the complaint.

## ANALYSIS

Federal Rule of Civil Procedure 12(f) provides that "[u]pon motion made by a party . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Generally, motions to strike are disfavored. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). However, such motions are not disfavored where they remove "unnecessary clutter" from the litigation. *Heller Fin., Inc.*, 883 F.2d at 1294. The decision whether to strike material is within the discretion of the court. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992).

MetLife moves to strike paragraphs 1, 7, 8, 9, 10, 13, 16, and 25 as well as a portion of paragraphs 3, 11, and 15 of Sally's answer because they do not comply with Federal Rule of Civil Procedure 8. Rule 8(b) provides, in pertinent part, that:

> A party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. If a party is without knowledge or information sufficient to form a belief as to the truth of an averment, the party shall so state and this has the effect of a denial. Denials shall fairly meet the substance of the averments denied.

Paragraphs 1, 7, 8, 9, and 25 of the answer "dispute" the allegations of the corresponding paragraphs of the complaint. These paragraphs of the answer do not admit, deny or state that Sally lacks sufficient knowledge or information to form a belief as to the truth of the averments. Thus, paragraphs 1, 7, 8, 9, and 25 do not satisfy the requirements of Rule 8(b) and, therefore, are stricken.

Paragraphs 3 and 13 admit in part and "dispute" in part the allegations in the corresponding paragraphs of the complaint. As set forth above, "disputing" the allegations in the complaint does not comply with Rule 8(b). Therefore, the portions of paragraphs 3 and 13 that "dispute" the allegations set forth in the corresponding paragraphs of the complaint are stricken.

Paragraph 10 of the answer does not admit or deny the allegations in paragraph 10 of the complaint. Rather, paragraph 10 pleads additional facts that allegedly controvert the averments in paragraph 10 of the complaint. Sally has not pled these facts in the proper manner. Thus, paragraph 10 of the answer does not comply with Rule 8(b) and, therefore, is stricken.

Paragraphs 11 and 15 of the answer also plead additional facts that allegedly controvert the averments in those paragraphs of the complaint but also deny and admit the allegations, respectively. Thus, paragraphs 11 and 15 do not comply with Rule 8(b) in part. Therefore, the additional facts pled in paragraphs 11 and 15 are stricken.

Finally, paragraph 16 does not admit, deny or state that Sally lacks sufficient knowledge or information to form a belief as to the truth of the averments in paragraph 16 of the complaint. Rather, it pleads additional facts that allegedly controvert the averments in paragraph 16 of the complaint. Sally has not pled these facts in the proper manner. Thus, paragraph 16 of the answer does not comply with Rule 8(b) and, therefore, is stricken.

## CONCLUSION

For the reasons stated above, paragraphs 1, 7, 8, 9, 10, 16, and 25 are stricken in their entirety; and paragraphs 3, 11, 13, and 15 are stricken in pertinent part. Defendant, Sally Przybil, is given leave to file an amended answer that fully complies with Rule 8 of the Federal Rules of Civil Procedure on or before December 16, 2002. A telephone status hearing is set for January 9, 2003 at 10:30 a.m.

**IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: November 19, 2002