# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1940 | **DATE** | 6/11/2003 |
| **CASE TITLE** | METROPOLITAN LIFE INSURANCE COMPANY vs. ROBERT J. PRZYBIL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter memorandum opinion and order. Metropolitan Life Insurance Company's motion for Rule 12(c) judgment on the pleadings is granted. The proceeds of the FEGLI policy are payable to defendant, Robert Przybil, under 5 U.S.C. 8705(a). Defendant, Sally Pryzbil, has no right to any of the proceeds payable under the FEGLI policy.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 1 2 2003 | |
| | Notified counsel by telephone. | | date docketed | 25 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | 03 JUN 11 PM 6:58 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

METROPOLITAN LIFE INSURANCE COMPANY, )
)
Plaintiff, )
) Case No. 02 C 1940
v. )
) Hon. John W. Darrah
ROBERT J. PRZYBIL and )
SALLY PRZYBIL, )
)
Defendants. )

**DOCKETED JUN 1 2 2003**

## MEMORANDUM OPINION AND ORDER

Plaintiff, Metropolitan Life Insurance Company ("MetLife"), filed a single-count complaint, seeking a declaration that the benefits under a Federal Employer's Group Life Insurance policy ("the FEGLI policy") issued to James Przybil ("the Insured") are payable to Defendant, Robert Przybil ("Robert"), and not to Defendant, Sally Przybil ("Sally"). MetLife presently moves, pursuant to Federal Rule of Civil Procedure 12(c), for judgment on the pleadings. For the reasons that follow, MetLife's Motion for Rule 12(c) Judgment on the Pleadings is granted.

## LEGAL STANDARD

Motions for judgment on the pleadings under Rule 12(c) are reviewed under the same standard as motions to dismiss under Rule 12(b)(6). *Northern Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). Judgment on the pleadings is proper only when "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Northern Ind. Gun & Outdoor Shows*, 163 F.3d at 452. There must be no material issues of fact to be resolved. *Northern Ind. Gun & Outdoor Shows*, 163 F.3d at 452. Well-pleaded allegations in the complaint are accepted as true. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312,

1319 (7th Cir. 1997). The Court views the allegations in the complaint in the light most favorable to the nonmoving party. *Delgado v. Jones*, 282 F.3d 511, 515 (7th Cir. 2002). But the Court may consider any facts in the complaint that undermine the plaintiff's claim. *Northern Ind. Gun & Outdoor Shows*, 163 F.3d at 452. "The pleadings include the complaint, the answer, and any written instruments attached as exhibits." *Northern Ind. Gun & Outdoor Shows*, 163 F.3d at 452 (citing Fed.R.Civ.P. 10(c)).

## BACKGROUND

For purposes of this Motion for Judgment on the Pleadings, the following allegations are taken as true.

MetLife is an insurance company registered with the Illinois Department of Insurance and licensed to do business in the State of Illinois. MetLife issued the FEGLI policy, Group Policy No. 17000-G, to the United States Office of Personnel Management ("OPM"), pursuant to the Federal Employer's Group Life Insurance Act ("FEGLIA"), 5 U.S.C. § 8701-8716. During the life of an insured, agencies of the federal government maintain all records relating to the FEGLI policy. However, once an insured dies, the records are forwarded to an administrative unit of MetLife that is responsible for administering claims under the FEGLI policy.

At the time of his death, the Insured was an employee of the United States Postal Service and was covered under the FEGLI policy. In a form dated July 11, 1980, the insured designated his brother, Robert, as the beneficiary of any proceeds payable under the FEGLI policy on account of the Insured ("the 1980 Designation"). The 1980 Designation was attached as an exhibit to the complaint.

On or about April 30, 1989, the Insured and Sally were married. On April 29, 1993, the

Insured completed a Life Insurance Election Form ("the 1993 Life Insurance Election Form") concerning his coverage under the FEGLI policy, which is also attached as an exhibit to the complaint. However, the Insured did not submit any beneficiary designation form after the 1980 Designation form designating Robert as beneficiary.

The Insured died on June 10, 1998. MetLife then became liable to pay the proceeds to the Insured's beneficiary. In a letter dated June 29, 1998, Robert, through his attorney, submitted a claim for the Insured's proceeds pursuant to the 1980 Designation. In August 1998, Sally submitted a claim for the Insured's proceeds pursuant to the 1993 Life Insurance Election Form.

The complaint prayed for a declaration that Robert is entitled to the proceeds payable under the FEGLI policy pursuant to the 1980 Designation and that Sally has no right to the proceeds.

Robert filed an answer, which admitted the pertinent allegations of the complaint. Sally filed an answer, admitting most of the allegations of the complaint, including an admission that the Insured designated Robert as the beneficiary of the FEGLI policy pursuant to the 1980 Designation but denying that the Insured did not submit any beneficiary designation form after the 1980 Designation. Sally further answered that the 1993 Life Insurance Election Form attached as Exhibit D to the complaint was incomplete because it was missing the reverse side and that she had been shown information on the reverse side that the Insured told her indicated that he had changed the beneficiary and proceeds under the FEGLI policy.

## DISCUSSION

MetLife moves for judgment on the pleadings, arguing that the facts are not in dispute since Sally has admitted that the 1980 Designation states that Robert is the beneficiary of the Insured's FEGLI policy and that the Insured was covered under the FEGLI policy.

FEGLIA provides, in pertinent part, that:

> Except as provided in subsection (e), the amount of group life insurance and group accidental death insurance in force on an employee at the date of his death shall be paid, on the establishment of a valid claim, to the person or persons surviving at the date of his death, in the following order of precedence:
>
> First, to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death in the employing office or, if insured because of receipt of annuity or of benefits under subchapter I of chapter 81 of this title as provided by section 8706(b) of this title, in the Office of Personnel Management. *For this purpose, a designation, change, or cancellation of beneficiary in a will or other document not so executed and filed has no force or effect.*

5 U.S.C. § 8705(a) (emphasis added).

By adding the language that a designation of a beneficiary in a manner that does not comply with § 8705(a) "has no force or effect",

> Congress sought to make clear that for reasons of administrative convenience and avoidance of delay in payment of proceeds, "'the order of precedence . . . shall prevail over any extraneous document designating a beneficiary.'" *O'Neal v. Gonzalez*, 839 F.2d [1437,] 1440 [(11th Cir. 1989)] (quoting S. Rep. No. 1064, 89th Cong. 2d Sess. *reprinted in* 1966 U.S.C.C.A.N. 2070, 2071).
> The language, structure, and legislative history of FEGLIA's order of precedence and beneficiary designation requirements lead to the conclusion that FEGLIA establishes "an inflexible rule that the beneficiary designated in accordance with the statute would receive the policy proceeds, regardless of other documents or the equities in a particular case." *O'Neal*, 839 F.2d at 1440.

*Metro. Life Ins. Co. v. Christ*, 979 F.2d 575, 578-79 (7th Cir. 1992).

It is undisputed that a beneficiary form that complies with FEGLIA's requirements was not filed with the 1993 Life Insurance Election Form that the Insured completed on April 29, 1993. It is also undisputed that the 1980 Designation designates Robert as the beneficiary of the FEGLI policy. Thus, the 1980 Designation governs the distribution of the proceeds of the FEGLI policy. § 8705(a); *Christ*, 979 F.2d at 578-79.

Therefore, MetLife's Motion for Rule 12(c) Judgment on the Pleadings is granted. The proceeds that are payable under the FEGLI policy are payable to Robert, the beneficiary designated in the signed and witnessed designation, the 1980 Designation, pursuant to § 8705(a). Sally has no right to any of the proceeds payable under the FEGLI policy.

## CONCLUSION

For the reasons stated above, Metropolitan Life Insurance Company's Motion for Rule 12(c) Judgment on the Pleadings is granted. The proceeds of the FEGLI policy are payable to Defendant, Robert Przybil, under 5 U.S.C. § 8705(a). Defendant, Sally Przybil, has no right to any of the proceeds payable under the FEGLI policy.

**IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: June 11, 2003